UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORY DABROWSKI,

Plaintiff,

v.

Case Number 06-11037-BC
Honorable Thomas L. Ludington

THE DOW CHEMICAL COMPANY,

Defendant.
______________________________________ /

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Dow Chemical Company (Dow) hired Plaintiff Cory Dabrowski, a Caucasian man, as an information systems analyst on June 13, 2005. On August 1, 2005, Defendant terminated Plaintiff's employment. On March 2, 2006, Plaintiff filed suit, alleging five counts of gender and race discrimination under the Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq*., 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964. At the conclusion of discovery, Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) and the parties' arguments were heard on January 17, 2007.

Defendant offered two affidavits in support of its motion, one from Plaintiff's manager and one from a human resources representative, concerning Defendant's screening process for the analyst position. Specifically, both affidavits state that Defendant established a minimum screening requirement of a grade point average (G.P.A.) of 3.0. Additionally, one affidavit states that Defendant received over 100 applications and that 68 of those applicants did not meet the G.P.A. requirement.[1] Plaintiff has not offered any evidence to the contrary. As part of the later application

---

[1]According to the affidavit, some applicants failed to provide their G.P.A.

process, Plaintiff did provide a paper application and transcript that correctly reflected his G.P.A of 2.6.

Neither party disputes that, in mid-July 2005, Plaintiff's manager discussed a discrepancy in Plaintiff's online application with him. In his online application, Plaintiff represented his G.P.A. twice, once identifying it as between 3.1 and 3.5 and once entering it as 3.2. In his deposition, Plaintiff described some of the discussion from that meeting:

> [The manager] stated that HR was concerned that they could – that since I didn't have a 3.0, that they could potentially get sued and audited and – by a minority, if they were to – he was concerned that HR – he said that HR was concerned that they were – that they could potentially be sued by a minority that met the 3.0 grade point average that they said was required for the position, and then that if they were to get audited. He also made statements that . . . if I wasn't a white male, that this wouldn't be such a big issue.

The manager, in his deposition, described the situation similarly:

> My words were that [Plaintiff] had put me into a bad predicament because some applicants that we had screened did not make that that [*sic*] would have been minority or females. . . . We would be open to lawsuits if someone came back to find out why we had hired an individual that did not meet our requirements over other applicants. Those other applicants could be white male or they could be white female or they could be minorities or whatever . . . .

On July 28, 2005, an internal review board, which included Plaintiff's manager, concluded that Defendant would not waive the G.P.A. requirement and that the situation required the termination of Plaintiff's employment.

Defendant acknowledges that it has an affirmative action plan and a strategic workforce plan for each of its departments. Plaintiff has provided evidence to show that Defendant consulted terms of these plans in subsequent hiring decisions but has not offered any evidence that those plans informed on its decision to terminate Plaintiff's employment.

On November 15, 2006, Defendant filed a motion for summary judgment under Federal Rule

of Civil Procedure 56(c).

Under Rule 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" to conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).

The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Regarding Plaintiff's five claims of gender and race discrimination, he can rely on direct or circumstantial evidence demonstrate his claims. *See Johnson v. University of Cincinnati*, 215 F.3d

561, 572 (6th Cir. 2000); *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). Courts "review claims of alleged race discrimination brought under § 1981 and the Elliott-Larsen Act under the same standards as claims of race discrimination brought under Title VII . . . ." *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999) (citation omitted); *see also Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2005); *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004).

A showing of discrimination based on direct evidence eliminates the need for a showing based on inferential demonstration of discrimination. *See Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 707 (6th Cir. 1985) (citations omitted). "The ultimate question in every employment discrimination case . . . is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 153 (2000). "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Amini*, 440 F.3d at 359(citation omitted). "[A] corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (citation omitted).

Here, Plaintiff has not identified any such express statement of a desire to remove Plaintiff based on unlawful discrimination. Plaintiff and his manager agree that the manager did make a statement that referred to race and gender. Indeed, their deposition testimony is consistent. The manager explained why Defendant could not preferentially excuse Plaintiff's error. Defendant established a merit-based, gender-neutral, and race-neutral requirement for the position, i.e., a minimum G.P.A. According to the manager, Defendant could not waive that requirement for a

Caucasian man – who fell short of that requirement – and expect to avoid potential liability from a member of a protected class who did meet the neutral job requirement. Accordingly, the manager's alleged comment, though it did touch on both gender and race, does not provide direct evidence of unlawful gender or race discrimination.

Yet even without direct evidence, a plaintiff may still present a claim of unlawful gender or race discrimination by employing the burden-shifting analysis of *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973). *Johnson*, 215 F.3d at 573. To establish a *prima facie* case, a plaintiff must show "(1) that he is a member of a protected class, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was treated differently than a similarly situated individual outside the protected class." *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 762 (6th Cir. 2006) (citation omitted). In the event that a plaintiff is not a member of a protected class and instead alleges reverse discrimination, the plaintiff must show "that the defendant is that unusual employer who discriminates against the majority" and "that the [defendant] treated differently employees who were similarly situated but not members of the protected group." *Yeager v. General Motors Corp.*, 265 F.3d 389, 397 (6th Cir. 2001) (citations and internal quotations omitted).[2] Once a plaintiff establishes a *prima facie* case, then the defendant may respond by offering a legitimate, non-discriminatory reason for its employment action. *Johnson*, 215 F.3d at 573 (citation omitted). Then a plaintiff may rebut a defendant by demonstrating that the defendant's offered reason was only pretext. *Id*. (citation omitted).

---

[2]*But see Lind v. City of Battle Creek*, 681 N.W.2d 334, (Mich. 2004) (rejecting, as a requirement for a reverse discrimination claim under ELCRA, a showing of background circumstances to show that a defendant is the unusual employer who discriminates against the majority).

Here, Plaintiff has not shown that he was qualified for the position. Defendant offers affidavits and depositions all demonstrated that it did set a minimum G.P.A. of 3.0 for the position. Plaintiff has not designated specific facts from affidavits, depositions, or other factual material to counter Defendant on that point. Plaintiff acknowledges that he has a 2.6 G.P.A. Thus, Plaintiff did not meet the requirements for the position.

Additionally, regarding his Title VII and § 1981 claims, he has offered no basis for concluding that Defendant is the unusual employer who discriminates against the majority. At best, Plaintiff has identified the fact that Defendant employs affirmative action plans. Yet he has offered no legal authority for concluding that those affirmative action plans violate the law or that Defendant's conduct was inconsistent with otherwise lawful employment practices. Even if Plaintiff did succeed in making out a *prima facie* case of gender or race discrimination, he has offered no evidence to suggest either that Defendant's refusal to create an exception to its G.P.A. requirement or that Defendant's loss of confidence in an employee who misrepresented his credentials in an application was pretextual. Thus, Plaintiff has not supported his claims of gender and race discrimination under the *McDonnell-Douglas* framework.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [dkt #23] is **GRANTED**.

It is further **ORDERED** that Defendant's motions in limine for the exclusion of evidence [dkt ## 38, 39, 40] are **DENIED** as moot.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: January 24, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS